UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO BY THEIR
TRUSTEES THOMAS A. CALLAHAN, JOHN McNAMARA,        **DEFAULT JUDGMENT**
MICHAEL SALGO and ROBERT G. WESSELS, CENTRAL
PENSION FUND OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS, BY ITS CHIEF EXECUTIVE        25-CV-8865 (NSR)
OFFICER JOSEPH SHELTON, and INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D,
AFL-CIO BY ITS PRESIDENT & BUSINESS MANAGER
THOMAS A. CALLAHAN,

                                    Plaintiffs,

              -against-

COMMODORE MAINTENANCE CORP.,

                                    Defendant.

——————————————————————————X

**NELSON S. ROMAN, United States District Judge:**

        **WHEREAS**, Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the

International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by their Trustees Thomas A. Callahan,

John McNamara, Michael Salgo and Robert G. Wessels ("Local 15 Trust Funds"), Central Pension Fund of the

International Union of Operating Engineers by its Chief Executive Officer Joseph Shelton ("Central Pension Fund"), and

International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by its President and Business Manager

Thomas A. Callahan ("Local 15"), commenced the above-captioned action against Defendant COMMODORE

MAINTENANCE CORP. on October 27, 2025, under Sections 502 and 515 of the Employee Retirement Income Security

Act of 1974, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947,

as amended, 29 U.S.C. § 185 in order to recover fringe benefit contributions owed to employee fringe benefit trust funds

and supplemental union dues, defense fund and political action committee payments owed to a labor organization based

upon the breach of the terms and conditions of a collective bargaining agreement; and

        **WHEREAS**, after Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered

default against Defendant on December 17, 2025; and

**WHEREAS**, Defendant has failed to respond to the motion.

**NOW, THEREFORE, IT IS ADJUDGED AND DECREED**, that Plaintiffs' motion for a default judgment against Defendant is GRANTED and Plaintiffs are awarded the following damages in the total amount of $122,665.13 which have been calculated as follows: (1) $101,850.23 in unpaid contributions; (2) $1,090.63 in interest as calculated in the underlying deficiency report through October 3, 2025; (3) $11,219.32 in liquidated damages; (4) $3,360.00 in attorney's fees; (5) $1,580.40 in auditor's fees; (6) $480.00 in costs; along with (7) additional prejudgment interest calculated on the contributions owed to Plaintiffs Local 15 Trust Funds from October 4, 2025 through January 16, 2026 (the date of filing of the motion for a default judgment) in the amount of $1,541.79[1] plus (8) additional prejudgment interest from January 17, 2026 through the date of entry of judgment in the amount of $616.72;[2] and (9) additional prejudgment interest calculated on the contributions owed to Plaintiff Central Pension Fund from October 4, 2025 through January 16, 2026 in the amount of $296.02[3] plus (10) additional prejudgment interest from January 17, 2026 through the date of entry of judgment in the amount of $118.41[4]; and (11) prejudgment interest calculated on the political action committee, defense fund and supplemental dues payments owed to Plaintiff Local 15 from the intermediary date of July 1, 2025 through January 16, 2026 in the amount of $422.82[5] plus (11) additional prejudgment interest from January 17, 2026 through the date of entry of judgment in the amount of 88.79.[6]

**SO ORDERED.**

Dated: March 4, 2026
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[1] In accordance with the interest formula identified in the Affidavit of Lisa Madeiras sworn to on January 16, 2026   6, interest has been calculated as follows: [(105 (number of days from October 4, 2025 through January 16, 2026)) x .06/365 x $89,326.10].

[2] Interest has been calculated as follows: [42 (number of days from January 17, 2026 through February 27, 2026) x .06/365 x $89,326.10].

[3] In accordance with the interest formula identified in the Madeiras Affidavit, interest has been calculated as follows: [(105 (number of days from October 4, 2025 through January 16, 2026)) x .09/365 x $11,433.50].

[4] Interest has been calculated as follows: [42 (number of days from January 17, 2026 through February 27, 2026) x .09/365 x $11,433.50].

[5] Applying the same interest formula identified in the Madeiras Affidavit and the CPLR rate of 9% as proposed by Plaintiffs, interest has been calculated as follows: [(200 (number of days from July 1, 2025 through January 16, 2026)) x .09/365 x $8,573.90].

[6] Interest has been calculated as follows: [42 (number of days from January 17, 2026 through February 27, 2026) x .09/365 x $8,573.90].